# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00083-CV

---

**Wei Jin, Appellant**

**v.**

**Dr. Wendy Cutler and Austin Diagnostic Clinic, Appellees**

---

**FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-24-001022, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Wei Jin sued Dr. Wendy Cutler and Austin Diagnostic Clinic for medical malpractice, alleging negligence. Since she identified a health care liability claim, she was required to, and did, submit an expert report under the Texas Medical Liability Act. Tex. Civ. Prac. & Rem. Code § 74.351(a). But because Jin failed to designate any testifying expert witness before the Texas Rule of Civil Procedure 190.3 deadline, Dr. Cutler and ADC filed a no-evidence motion for summary judgment, which the trial court granted. Tex. R. Civ. P. 190.3, 195.2(a). In one issue on appeal, Jin argues that the Rule 190.3 deadline Dr. Cutler and ADC calculated (and the trial court implicitly relied on) did not account for the discovery stay provided for in the Texas Medical Liability Act. *See* Tex. Civ. Prac. & Rem. Code § 74.351(s). We agree. Because the deadline for designating testifying experts had not passed when the trial court granted the

no-evidence motion for summary judgment, we reverse the order and remand the cause for proceedings consistent with this court's opinion.

Discovery rules infuse the factual background for this case, so we first set out that legal background, then we turn to the factual background, and then the analysis.

## LEGAL BACKGROUND

Under Texas Rule of Civil Procedure 190.3, all discovery must be conducted during the discovery period, which begins when the first initial disclosures are due and continues until the earlier of: (i) 30 days before the date set for trial; or (ii) nine months after the first initial disclosures are due. Tex. R. Civ. P. 190.3(b)(1)(A). A party must make the initial disclosures within 30 days after the filing of the first answer. *Id.* R. 194.2(a). In addition, a party seeking affirmative relief must designate testifying experts—and provide the information required by Rule 195.5(a)— 90 days before the end of the discovery period. *Id.* R. 194.3, 195.2(a).

In health-care lawsuits the plaintiff must, early on, serve an expert report summarizing how each defendant violated standards of care and caused the plaintiff injury. Tex. Civ. Prac. & Rem. Code § 74.351(a). The requirement of the report is designed to separate frivolous or premature claims from meritorious claims. *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding). Until the plaintiff serves that expert report, discovery is limited to the acquisition of information related to the patient's health care. Tex. Civ. Prac. & Rem. Code § 74.351(s). The exception to the discovery stay is only for information related specifically to the subject patient's health care—the patient's chart and medical records—and is intended to fill in the factual gaps necessary to properly proffer an opinion as to what went wrong in a specific case. *In re LCS SP, LLC*, 640 S.W.3d 848, 854 (Tex. 2022) (orig. proceeding). The plain terms of the

statute stay all other discovery. *In re Jorden*, 249 S.W.3d at 420; *see* Tex. R. Civ. P. 192.1(a)(1) (setting out "Forms of Discovery" and including, at top of its list of permissible forms of discovery, "required disclosures").

The provisions of Chapter 74—including the stay provisions of Subsection 74.351(s)—control over any conflicting provisions found in "another law, including a rule of procedure or evidence or court rule." Tex. Civ. Prac. & Rem. Code § 74.002(a). With these provisions in mind, we turn to the facts of the case.

## FACTUAL BACKGROUND

In October 2021, Jin experienced pain in her genital area when urinating. Jin saw a urologist who diagnosed her with vestibulodynia and hypertonic pelvic floor muscle dysfunction.

In January 2022, Jin saw Dr. Cutler for the same pain and informed Dr. Cutler of the urologist's prior diagnosis. With a vaginosis panel pending, Dr. Cutler diagnosed Jin with a fungal infection and prescribed antifungal medication. Jin applied the medication as instructed and her symptoms grew worse and more painful. She let Dr. Cutler know and Dr. Cutler advised her to wait several weeks for the condition to subside. It did not. The panel came up negative for a fungal infection. Dr. Cutler told Jin to see a dermatologist. Jin later asked Dr. Cutler about compensation from ADC for her injuries. Dr. Cutler told Jin she had to leave Dr. Cutler's practice.

On February 9, 2024, Wei Jen filed an original petition alleging negligence. She asserted Dr. Cutler and ADC breached their duty of care—via misdiagnosis, prescribing of inappropriate medication, improper follow-up care, and unilateral termination of the doctor-patient relationship—causing injuries. She alleged she has been in pain ever since and is still being treated for injuries.

3

On March 8, 2024, Dr. Cutler and ADC filed an original answer containing a general denial.

On July 1, 2024, Dr. Cutler and ADC were served with Jin's expert's report.

On October 14, 2024, Dr. Cutler and ADC filed a no-evidence motion for summary judgment, alleging Jin had failed to designate a testifying expert before the Discovery Level 2 deadline to do so had passed.[1] Dr. Cutler and ADC asserted that under Texas Rules of Civil Procedure 190.3 and 195.2, with the answer filed on March 8, 2024, the discovery period began on April 8, 2024 (a Monday), when the initial disclosures were due, and ended 9 months later on January 8, 2025, making Jin's deadline for designating a testifying expert 90 days before that, or by October 10, 2024. They argued that because that deadline had passed without Jin designating testifying experts, Jin had no evidence that Dr. Cutler or ADC had breached any applicable standard of care, or that any alleged breach proximately caused her injury.

On October 16, 2024, Jin filed a response and a motion for a Level 3 Discovery Control Plan Order under Rule 190.4(a). Jin said she had provided the information required by Rule 195.5(a) multiple times by way of the expert's report which was first served on Dr. Cutler and ADC on July 1, 2024. She pointed out that Dr. Cutler and ADC had not filed their initial disclosures until August 30, 2024 (five months late under Dr. Cutler and ADC's calculated due date of April 7, 2024; one month late under Jin's calculated due date of July 31, 2024). Jin asserted that discovery had been stayed—under the Texas Medical Liability Act—until she had served the expert report on Dr. Cutler and ADC.

---

[1] Wei Jin had not asked for a custom Docket Control Order—making this a Discovery Level 2 case. *See* Tex. R. Civ. P. 190.3(a) (establishing default level 2 discovery control plan and stating that "[u]nless a suit is governed by a discovery control plan under Rules 190.2 [Level 1] or 190.4 [Level 3], discovery must be conducted in accordance with this subdivision").

Jin supported her response with three exhibits: Jin's expert's report; Dr. Cutler and ADC's initial disclosures and exhibits; and Dr. Cutler and ADC's answer.

On November 12, 2024, Dr. Cutler and ADC filed two pleadings. First, they filed a reply to Jin's response to their no-evidence motion for summary judgment. In it, they argued that Jin's expert's report (filed under Section 74.351) is not an expert designation, citing *Baize v. Scott & White Clinic*, No. 03-05-00780-CV, 2007 WL 135956, at *7 (Tex. App.—Austin Jan. 22, 2007, pet. denied) (mem. op.); that the report did not include the complete information required by Rule 195.5(a)(4); and that Jin had still not designated any testifying experts in compliance with Rule 195. They also argued that although the statutory stay prevents the parties from obtaining discovery until the 120-day report is served, it does not apply to required disclosures (that is, automatic obligations) and therefore does not have any logical connection to the start of the discovery period.

Second, Dr. Cutler and ADC filed objections and a motion to strike the expert's report and its own initial disclosures and exhibits as unsworn hearsay and incompetent summary-judgment evidence.

A summary-judgment hearing was held the same day, on November 12, 2024.

On November 15, 2024, the trial court sustained the objections, struck the exhibits, granted Dr. Cutler and ADC's Rule 166a(i) no-evidence motion for summary judgment, and ordered Jin's claims against Dr. Cutler and ADC dismissed with prejudice. It denied "[a]ny other pending motions" and had the parties bear their own costs.

On December 11, 2024, Jin filed a motion for reconsideration and new trial arguing, among other things, that under Subsection 74.351(s), all discovery (with exceptions that do not apply here) was stayed until the expert report was served on Dr. Cutler and ADC, moving the

5

deadline for designating a testifying expert to January 31, 2025. And she claimed that she designated her expert at least in her October 16, 2024 response to Dr. Cutler and ADC's no-evidence summary judgment motion, when she made clear that the expert who drafted the expert report would be her testifying expert. The new-trial motion was overruled by operation of law.

## ANALYSIS

Dr. Cutler and ADC moved for no-evidence summary judgment on the sole ground that Jin failed to designate expert witnesses by the statutory deadline. Jin argues that the deadline had not yet passed when the trial court granted the motion on that sole ground.

A no-evidence summary-judgment motion will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Lozada v. Posada*, 718 S.W.3d 262, 266 (Tex. 2025). "To preclude no-evidence summary judgment in a medical malpractice case, the plaintiff must offer expert testimony on the essential elements of its claim, including the standard of care, breach, and causation." *Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 10 (Tex. App.—Austin 2005, no pet.). Without a properly designated testifying expert, a plaintiff in a health-care liability case has no competent evidence to raise a genuine issue of material fact on these challenged elements. *Id*. We review a trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

6

The discrete issue here is whether the discovery stay under Chapter 74 applies to the requirement to designate testifying experts.

We agree with our sister court in Houston that it does. *See Harvey v. Kindred Healthcare Operating, Inc.*, 525 S.W.3d 281, 283, 285 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The defendant medical provider in that case had argued, as Dr. Cutler and ADC do here, that because the designation of testifying experts is a required disclosure—a mandatory obligation that must be fulfilled without awaiting a discovery request—the disclosure is not "discovery" subject to the stay. *Id*. at 285–86. The court disagreed, noting "docket control orders manage discovery" and that includes setting deadlines for designating expert witnesses. *Id*.

In *Harvey*, the trial court's docket-control order setting deadlines for designating expert witnesses conflicted with the Chapter 74 discovery stay. The court held that in such a case—where there is a conflict between Chapter 74 and a trial court's docket-control order— Chapter 74 controls. *Id*. (citing Tex. Civ. Prac. & Rem. Code § 74.002(a)). The court reversed the trial court's summary judgment:

> We conclude that because the discovery stay was in effect when Kindred filed its motion for summary judgment and the stay superseded the trial court's expert witness designation deadline, the trial court erred in granting summary judgment on the sole ground raised in the motion for summary judgment: that appellants failed to designate experts before the trial court's deadline.

*Id.* at 286.

The background facts are slightly different here, because the stay was no longer in effect when the trial court granted the no-evidence summary judgment motion. But, because the deadline for designating testifying experts had not yet passed, the result is the same. Dr. Cutler and ADC's original answer was filed on March 8, 2024. Jin timely served the expert report on

7

July 1, 2024, before the 120-day deadline of July 6, 2024. Tex. Civ. Prac. & Rem. Code § 74.351(a) (requiring health-care-liability claimant to serve report "not later than the 120th day after the date each defendant's original answer is filed"). Just as Chapter 74 controls over a trial court's docket control order, it controls over Level 2 discovery deadlines set out in Rule 190.3. *Id.* § 74.002(a). Thus discovery—with exceptions not relevant here—was stayed until July 1, 2024. *Id.* §§ 74.002(a), 74.351(s). Dr. Cutler and ADC's initial disclosures were due thirty days later, on July 31, 2024. Tex. R. Civ. P. 194.2(a). The discovery period began July 31, 2024, and, without a trial date, ran nine months until April 30, 2025. *Id.* R. 190.3(a). The designation was due 90 days before the end of the discovery period, or by January 31, 2025. *Id.* R. 194.3, 195. The trial court could not, on November 15, 2024, grant the no-evidence summary judgment motion on the single ground raised in the motion for summary judgment: that Jin failed to designate experts before the Rule 190.3 deadline. The trial court erred in granting the motion for summary judgment on the ground that Jin's deadline for designating expert witnesses had passed when it had not. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("A motion must stand or fall on the grounds expressly presented in the motion."). We sustain Jin's sole issue on appeal.

## CONCLUSION

Having sustained Jin's sole issue on appeal, we reverse the trial court's order granting summary judgment and remand the cause for proceedings consistent with this court's opinion.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Reversed and Remanded

Filed:   June 30, 2026